Z:\LOK_data\753\012\MTD-Consent.Vicarious.doc/AEL

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA E. BISHOP, individually and on behalf of all others similarly situated, ) ) ) | Case No. 15-832-SMY-PMF |
| Plaintiffs, ) ) | **JURY TRIAL DEMANDED** |
| v. ) ) | |
| FAIRMOUNT PARK, INC., ) ) | |
| Defendant. ) | |

## DEFENDANT FAIRMOUNT PARK, INC.'S MOTION TO DISMISS & MEMORANDUM OF LAW IN SUPPORT ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant, FAIRMOUNT PARK, INC. ("Fairmount"), by and through its attorneys, BETH C. BOGGS and BOGGS, AVELLINO, LACH & BOGGS, L.L.C., pursuant to Federal Rule of Civil Procedure 12(b)(6) and for its Motion to Dismiss Plaintiff's Complaint, states as follows:

1. Plaintiff filed a Complaint alleging that Fairmount violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending text messages to her cellular phone without her "prior express written consent."

2. "Prior express written consent" is only required by 47 C.F.R. § 64.1200(a)(2). The Statute only requires that text messages be sent with "prior express consent."

3. "Prior express written consent" requires:

> The term prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or

>   prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.
>
>   (i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that:
>
>   (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
>   (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

§ 64.1200(f)(8).

4. "Prior express consent" requires a much lesser showing, including that the user disclosed his or her cellular number to the company. *See Toney v. Quality Resources, Inc.*, No. 13-cv-42, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014).

5. As explained in Defendant's other Motion to Dismiss, 47 C.F.R. § 64.1200(a)(2) is unconstitutional and does not provide the standard for the type of consent required.

6. The Ninth Circuit for the United States Court of Appeals held that an element of a prima facie case for a TCPA violation requires proof that the message was sent without consent. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

7. By failing to plead that the text messages were sent without Plaintiff's "prior express consent," Plaintiff has failed to state a cause of action upon which relief can be granted.

8. Additionally, the TCPA only allows for vicariously liability where there is proof of a common law agency between the sender of the messages and the defendant. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-78 (9th Cir. 2014)

9. Farimount did not send the text messages in question directly, and Plaintiff fails to allege any allegations necessary to plead agency.

10. To survive a Motion to Dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion. *Adam*, 742 F.3d at 728.

11. A plaintiff must allege all elements of the cause of action that are necessary for recovery. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985).

12. As Plaintiff has failed to allege that the messages were sent without consent under the appropriate standard and that the messages were sent via an agent of Fairmount's, Plaintiff's claims should be dismissed.

WHEREFORE, FAIRMOUNT PARK, INC. respectfully requests that this Court grant its Motion to Dismiss, dismiss Plaintiff's Complaint, and award such other relief as this Court deems appropriate and just.

**DEFENDANT DEMANDS TRIAL BY JURY.**

        Respectfully submitted,

        **FAIRMOUNT PARK, INC.**

By:   /s/ Beth C. Boggs
      Beth C. Boggs, #06208313 (IL)
      BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
      9326 Olive Blvd., Ste. 200
      St. Louis, MO 63132
      (314) 726-2310 PHONE
      (314) 726-2360 FAX
      bboggs@balblawyers.com
      **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court for the United States District Court – Southern District of Illinois by using the Court's CM/ECF Electronic Filing System this 20th day of August 2015, with an electronic copy being sent to:

Mr. David T. Butsch, #6205434IL
Mr. Christopher E. Roberts, #6302857IL
Butsch Roberts & Associates, LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 Telephone
(314) 863-5711 Facsimile
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com
**Attorneys for Plaintiff**

        /s/ Beth C. Boggs